# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE PATTERSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>WILDLIFE CONSERVATION SOCIETY,<br><br>        Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Nicole Patterson brings this action on behalf of herself, and all others similarly situated against Wildlife Conservation Society ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. For over a year, Defendant has been nickel and diming non-member visitors of the Bronx Zoo on its website in violation of the New York Arts and Cultural Affairs Law § 25.07(4). Whenever a non-member visitor selects an admission ticket on the website https://bronxzoo.com/, she is quoted a fee-less price, only to be ambushed by a $2.00 "processing fee" at checkout after clicking through the various screens required to make a purchase. This cheap trick has enabled Defendant to swindle substantial sums of money from its customers.

2. To stop this hustle, New York passed Arts and Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket."

1

"Such disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the ticket being selected for purchase." *Id*. (emphasis added). And "[t]he price of the ticket shall not increase during the purchase process." *Id.* This latest version of the law went into effect August 29, 2022. *See* Exhibit A.

3. For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other non-member ticket purchasers for Defendant's Bronx Zoo for actual and/or statutory damages, reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant. Defendant sold at least 100,000 tickets to its place of entertainment through its website during the applicable class period, and is liable for a minimum of fifty dollars in statutory damages for each ticket sold. There is minimum diversity under 28 U.S.C. § 1332(d) because many class members who visit Defendant's place of entertainment come from other states. Indeed, the Bronx Zoo is one of the most visited zoos in the world.

5. This Court has personal jurisdiction over Defendant because Defendant operates places of entertainment, including the Bronx Zoo, in the state of New York and sell tickets to visit these places through its websites.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant's Bronx Zoo is located in this District, and because Plaintiff purchased tickets to visit Defendant's place of entertainment in this District.

## PARTIES

7. Plaintiff Nicole Patterson is an individual consumer who, at all times material hereto, was a citizen and resident of New York, New York.  Plaintiff purchased two adult and one child admission tickets to the Bronx Zoo on November 1, 2022 through Defendant's website, https://www.bronxzoo.com.  The transaction flow process she viewed on Defendant's website was substantially similar as that depicted in Figures 1 through 6 in this complaint.

8. Defendant Wildlife Conservation Society is a 501(c)(3) non-governmental organization headquartered in New York, New York.  Defendant owns and operates various zoos within New York, New York, including the Bronx Zoo, the Central Park Zoo, the New York Aquarium, the Prospect Park Zoo, and the Queens Zoo.  However, Defendant only charges "processing fees" in connection with tickets sold at the Bronx Zoo.

**RELEVANT FACTUAL ALLEGATIONS**

9. When a person visits Defendant's website, www.bronxzoo.com/, on the main page, she can click the orange "BUY TICKETS" button to select admission tickets to visit Defendant's zoo on various dates. *See* Figure 1.



**Figure 1**

10. After a consumer selects the "BUY TICKET" button, she is taken to a "Ticket" screen which provides a list of various zoo admission ticket prices. The screen does not provide the actual cost of the ticket, but rather, the prices the tickets are "starting at." *See* Figure 2. The "total cost" of any ticket, inclusive of fees, is not shown on this screen, in violation of New York Arts & Cultural Affairs Law § 25.07(4). *Id*. The page states that the price of an adult admission ticket starts at "$28.00+." *Id*.



**Figure 2**

11. After a consumer clicks on the "BUY NOW" button on Figure 2, she is taken to another page where the minimum price of the adult ticket increases from $28.00 to "$30.95." *See* Figure 3, next page. The total cost of the ticket is not also displayed on this page. *Id*

5



**Figure 3**

12.     *After* a consumer selects the quantity and type of ticket or tickets she wishes to purchase, she can click the "SELECT DATE & TIME" button.  After the consumer clicks that button, she is taken to a screen showing dates and times.  *See* Figure 4, next page.   Again, the total cost of the ticket is not displayed on this page either.  *Id*.  For January 2024, the prices of the tickets vary from "$30.95+" to "$31.70+."  *Id*.



**Figure 4**

13. Once a consumer clicks on a specific date, a list of <u>specific</u> prices emerges on the right-side of the screen. For two admission tickets on January 26, 2024, the website quotes a price of "$61.90" or "2 Adult x $30.95." *See* Figure 5, next page. Again, the total cost of the ticket is not displayed on this page either. *Id*.



**Figure 5**

14.     After a consumer clicks the "ADD TO CART" button on this page, she is taken to a series of intermittent pages asking her if she would like to obtain membership to the zoo[1], or add on a wild encounter.[2]  These screens still quote the $61.90 price but not the total cost of the tickets.  Once a consumer clicks "CONTINUE" through these two pages, she is taken to a final "YOUR CART" page.  *See* Figure 6.  This is the first time that Defendant discloses its $2.00 "Processing Fee" for non-members.

---

[1] https://bronxzoo.com/shop/catalogs/bronx-zoo-admission/sections/bronx-zoo-admission/timed_tickets/membership?adults=2&children=0&subtotal=61.9.
[2] https://bronxzoo.com/shop/catalogs/bronx-zoo-admission/sections/bronx-zoo-timed-ticket-events/day_of_events/new.

8



**Figure 6**

15.     At this point, the quoted per ticket price increases from the original price of "starting at $28.00" ($56.00 for 2) each on Figure 2, to "$30.95+" each on Figures 3-4 and a pinned down $61.90 for 2 tickets on Figure 5, to finally, a "$63.90" for 2 tickets on Figure 6. Defendant's total cost per ticket, and "processing fee," is disclosed for the first time on this final screen.

## NEW YORK ARTS & CULTURAL AFFAIRS LAW

16.     Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law § 25.07(4), which provides that "[e]very operator or operator's agent of a place of entertainment… shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, <u>or any other fee</u> or surcharge to the

9

purchaser. Such <u>disclosure</u> of the <u>total cost</u> and fees shall be displayed in the ticket listing <u>prior to</u> the ticket being <u>selected for purchase</u>." *Id*. (emphasis added). And "[t]he price of the ticket shall not increase during the purchase process." *Id.*; *Compare with* Figures 2 through 6.

17. Shortly after the law was enacted, ticketing websites peppered the State of New York's Division of Licensing Services with questions about the scope of the law. As explained by the Division of Licensing Services, "the ticket purchasing process begins once a consumer visits a ticket marketplace and first sees a list of seat prices." *See* N.Y. Dep't of State, Div. Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461*, attached hereto as **Exhibit A**, at 1. "From the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself." *Id*. "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser <u>should not then have to search for the total price</u> of the ticket <u>as the purchaser proceeds through the purchasing process</u>, it should continue to be readily available to the purchaser." *Id*. at 2 (emphasis added).

## CLASS ACTION ALLEGATIONS

18. **Nationwide Class:** Plaintiff seeks to represent a class defined as all individuals in the United States who purchased electronic tickets to the Bronx Zoo from Defendant's website on or after August 29, 2022. Excluded from the Nationwide Class are members of the Bronx Zoo, as well as is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

19. **New York Subclass:** Plaintiff seeks to represent a class defined as all individuals in New York who purchased electronic tickets to the Bronx Zoo from Defendant's website on or after August 29, 2022. Excluded from the New York Subclass are members of the Bronx Zoo, as

well as any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

20. Members of the Nationwide Class and New York Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Nationwide Class and New York Subclass are at least in the hundreds of thousands.[3] The precise number of Nationwide Class and New York Subclass members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Nationwide Class and New York Subclass members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

21. Common questions of law and fact exist as to all Nationwide Class and New York Subclass members and predominate over questions affecting only individual Nationwide Class and New York Subclass members. Common legal and factual questions include, but are not limited to: (a) whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4); and (b) whether the displayed price of Defendant's tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4).

22. The claims of the named Plaintiff are typical of the claims of the Nationwide Class and New York Subclass in that the named Plaintiff and the Nationwide Class and New York Subclass sustained damages as a result of Defendant's uniform wrongful conduct, based

---

[3] According to Columbia University, about 2 million people visit the Bronx Zoo each year. *See* https://www.publichealth.columbia.edu/research/others/age-smart-employer/news/spotlight/bronx-zoo#:~:text=The%20Bronx%20Zoo%20is%20an,visit%20the%20zoo%20each%20year. Presumably, a substantial portion of these visitors are non-members that are forced to pay Defendant's processing fee.

upon Defendant's failure to disclose the total cost of its tickets, including Defendant's processing fees, throughout the online ticket purchase process.

23. Plaintiff is an adequate representative of the Nationwide Class and New York Subclass because her interests do not conflict with the interests of the Nationwide Class and New York Subclass members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Nationwide Class and New York Subclass members will be fairly and adequately protected by Plaintiff and her counsel.

24. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Nationwide Class and New York Subclass members. Each individual Nationwide Class and New York Subclass member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**New York Arts & Cultural Affairs Law § 25.07**
**(On Behalf Of The Nationwide Class and New York Subclass)**

25. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully

set forth herein.

26. Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class and New York Subclass against Defendant.

27. Defendant is an "operator… of a place of entertainment" because Defendant operates the Bronx Zoo, which is a "place of entertainment." "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, <u>museum</u>, <u>amusement park</u>, or <u>other place where</u> performances, concerts, <u>exhibits</u>, athletic games or contests are held for which an entry fee is charged." N.Y. Arts & Cult. Aff. Law § 25.03(6) (emphasis added).

28. Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in Figure 2 through 5 of this Complaint.

29. Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the total cost of its tickets during the purchase process, as depicted in Figures 2 through 6 of this Complaint.

30. Defendant's "processing fee" is an "ancillary fee[] that must be paid in order to purchase the ticket." N.Y. Arts & Cult. Aff. Law § 25.07(4).

31. On November 1, 2022, Plaintiff purchased tickets on Defendant's website and was forced to pay Defendant's processing fee. Plaintiff was harmed by paying this processing fee, even though that total cost was not disclosed to Plaintiff at the beginning of the purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

32. On behalf of herself and members of the Nationwide Class and New York

Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees. *See* N.Y. Arts & Cult. Aff. Law § 25.33.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Nationwide Class and New York Subclass prays for judgment as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d) For compensatory and statutory damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

Dated: January 9, 2024            **BURSOR & FISHER, P.A**.

By:    */s/ Philip L. Fraietta*
         Philip L. Fraietta

Philip L. Fraietta
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

Stefan Bogdanovich (*pro hac vice app. forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorneys for Plaintiff*